**Devinder SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–72397.**

United States Court of Appeals,
Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Sept. 13, 2004.*

Decided Sept. 23, 2004.

Patrick O. Cantor, Esq., Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Earle B. Wilson, Jennifer A. Parker, Office of Immigration Litigation Civil Division, Washington, DC, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

## MEMORANDUM **

Devinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and protection under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition in part, deny in part and remand for further consideration.

Singh contends that the IJ's statements regarding credibility were insufficient to constitute an express adverse credibility determination. We agree. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 658–59 (9th Cir.2003).

 Taking Singh's factual allegations as true, Singh has established past persecution on account of imputed political opinion. The IJ's reliance on *Prasad v. INS*,

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

47 F.3d 336–39 (9th Cir.1995) is misplaced, taking into account that: Singh was specifically accused of being a militant, after which he was detained for 12–13 days; he was physically abused by the police; received medical treatment for his injuries; and the police showed a continuing interest in him. *See e.g. Chanchavac v. INS,* 207 F.3d 584, 590 n. 5 (9th Cir.2000) (observing material distinctions from *Prasad* ). The IJ's finding that the persecution Singh suffered was not on account of political opinion is belied by the record. *See Singh v. Ilchert,* 63 F.3d 1501, 1508–09 (9th Cir. 1995) (stating that "if there is no evidence of a legitimate prosecutorial purpose for a government's harassment of a person . . . there arises a presumption that the motive for the harassment is political").

▬ Because Singh has established past persecution, he is entitled to a presumption of a well-founded fear of persecution. *See Kataria v. INS,* 232 F.3d 1107, 1113 (9th Cir.2000). The IJ's general statements regarding changed country conditions is not sufficient to overcome the presumption of well-founded fear. *See Lopez v. Ashcroft,* 366 F.3d 799, 805 (9th Cir. 2004) (requiring individualized analysis of how changed conditions will affect specific petitioner's situation).

With regard to the possibility of internal relocation, the IJ stated that "it does not appear that there has been a nationwide alert for the respondent or that he would be apprehended if he chose to live in some other state in India." Singh was not required to demonstrate a country-wide threat of persecution, however. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1070 (9th Cir.2003). Moreover, the IJ failed to take into account the reasonableness of relocation. *See id.* Since Singh has established past persecution at the hands of the government, a rebuttable presumption arises that the threat exists nationwide and therefore that internal relocation is unreasonable. *See id.*

Singh's challenge to the BIA's summary affirmance without opinion is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845 (9th Cir.2003).

We find Singh's claim for relief under the Convention Against Torture unpersuasive, because he fails to meet the higher burden of showing that it is more likely than not that he would be tortured if returned to India. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Accordingly, we remand to the BIA to determine whether, having otherwise established eligibility for asylum and entitlement to withholding of removal, an individualized assessment of changed country conditions rebuts the presumption of well-founded fear and whether it is reasonable to expect Singh to relocate within India. *See Lopez,* 366 F.3d at 805; *Melkonian,* 320 F.3d at 1070, 1072.

**PETITION FOR REVIEW GRANTED IN PART; REMANDED.**